IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN ROUPP, | : | |
| Plaintiff, | : | CIVIL NO.  4:CV-04cv2020 |
| | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| SUSQUEHANNA HEALTH SYSTEM, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM AND ORDER

## January 13, 2006

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is Defendant's, Susquehanna Health System ("Defendant" or "SHS"), Motion Summary Judgment ("the Motion") (doc. 21) filed on November 1, 2005.

Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 2601 et seq., The Family and Medical Leave Act ("FMLA").

For the following reasons, we will deny the Motion.

### STANDARD OF REVIEW:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."

Fed .R. Civ. P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material." Id. at 248.  A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**STATEMENT OF MATERIAL FACTS:**

SHS, a Pennsylvania corporation, is a healthcare facility comprised of the former Williamsport, Divine Providence, and Muncy Valley Hospitals.  SHS first employed Plaintiff, Erin Roupp ("Plaintiff" or "Roupp"), as a part-time Unit Clerk

on August 23, 1999.  About May 14, 2002, SHS employed Plaintiff on a full-time basis as an Emergency Medical Technician ("EMT"), which was the position Plaintiff was employed in at the time of her termination.  Plaintiff suffers from Crohn's disease, a chronic disorder.

SHS's "Leave of Absence Policy," ("the Policy")  requires that "medical certification will be required to support a request for a [Family and Medical Leave ("FML")] leave involving the serious medical condition of an employee."  (Rec. Doc. 22, Ex. A at 3).  The Policy also states that "an employee on [FML leave] is **required** to use sick time first and PTO thereafter if the leave is for **their own serious** medical condition."  (Rec. Doc. 22, Ex. A at 3) (emphasis in original). "Once the employee has exhausted all available sick and PTO benefits, and incur a full a pay period without any paid time, their employment will be terminated effective the last day of that pay period."  (Rec. Doc. 22, Ex. A at 1).  Further, after taking FML or a Leave of Absence ("LOA"), a returning employee had to provide a "return-to-work" note from his or her treating physician.  (Rec. Doc. 22, Ex. A at 5).  At the time of her hire, Plaintiff executed an acknowledgment of the Policy.

On December 10, 2002, SHS issued a written warning to Plaintiff for excessive absenteeism.  (Rec. Doc. 22, Ex. B).  At or about the same time that

Plaintiff received this warning, her immediate supervisor, Steve Wilson ("Wilson") alerted her to the possibility of taking FML. (Rec. Doc. 22 at 3 and Doc. 32 at 2). Thereafter, Plaintiff went to Human Resources and obtained FML papers and on December 12, 2002, Plaintiff executed her application for intermittent FML leave and after her treating physician, Dr. Jerome Ellis, completed the paperwork, she returned it to the Human Resources Department.

On January 3, 2003, SHS notified Plaintiff by letter that her request for intermittent FML leave was granted retroactive to December 23, 2002. The letter also stated that "while on leave, [Plaintiff] will be required to furnish [SHS] with periodic reports of [Plaintiff's] status and intent to return to work. [Plaintiff] will be required to notify [SHS] at least two work days prior to the date you intend to report to work." (Rec. Doc. 22, Ex. D at 2). Plaintiff was requested to and did file an intermittent leave recertification in July, 2003.

During 2003, Plaintiff was treated by Dr. Ellis for her condition and on June 10, 2003, Plaintiff stopped working due to her disorder. On June 18, 2003, Plaintiff underwent abdominal surgery due to her condition. Plaintiff experienced no complications from the surgery other than post-surgical soreness.

On June 12, 2003, Plaintiff requested FML for the time she was to be absent due to her abdominal surgery. On June 13, SHS sent to Plaintiff a written,

conditional approval of her continuous, family and medical leave request pending the receipt of medical certification within fifteen days of the Plaintiff's receipt of the letter. The letter stated that if SHS did not receive the certification within fifteen days, her leave request would be delayed or denied. (Rec. Doc. 22, Ex. G). Plaintiff disputes either that the letter was sent or that it was received by her. Plaintiff never turned in a medical certification in support of her continuous FML request.

On July 17, 2003, SHS sent a letter to Plaintiff advising her that it was denying her request for continuous FML because it had not received her medical certification to evaluate her leave request. (Rec. Doc. 22, Ex. H). This letter informed Plaintiff that she may still be eligible for non-FML leave if she returned a non-FML medical certification form within fifteen days of the letter.

Following her receipt of the July 17, 2003 letter, Plaintiff picked up a new set of recertification paperwork from Human Resources and delivered it to Dr. Ellis' office, with instructions that the paperwork had to be completed by August 1, 2003.[1] Plaintiff alleges that she told a Human Resources person that she told Dr. Ellis that the paperwork had to be done by August 1, 2003 and that the Human

---

[1] Plaintiff alleges that she had already given Dr. Ellis recertification paperwork to complete prior to her receipt of the July 17, 2003 letter from SHS.

Resources person told her "that wouldn't be a problem." (Rec. Doc. 22 at 32). Plaintiff thereafter assumed that Dr. Ellis would promptly complete and return the paperwork to SHS and did not call Dr. Ellis' office to see if the paperwork was in fact completed and delivered. By the close of business on August 4, 2003, SHS had received no medical certification for Plaintiff and consequently sent Plaintiff a termination of employment letter on August 5, 2003. (Rec. Doc. 22, Ex. I).

It is disputed by the parties whether Plaintiff had exhausted all available sick and PTO benefits as of August 4, 2003. SHS claims that Plaintiff had exhausted her sick and PTO benefits, however Plaintiff claims that her pay stubs for the pay periods 6/28/03 through 8/9/03 show a balance of 3.2081 PTO hours and 4.4651 Sick Time Hours. (Rec. Doc. 32, Ex. B).

On August 6 or 7, 2003, Plaintiff contacted SHS to determine what shift she would be working when she returned to work on August 9, 2003. Plaintiff alleges that she had not received the August 5, 2003 termination letter from SHS when she placed this call. She was told over the telephone that SHS had already terminated her employment. On that day or the next day, Plaintiff called Dr. Ellis' office to inform him that she had been terminated because her recertification paperwork had never been received by SHS. Dr. Ellis ultimately completed the recertification paperwork on August 11, 2003, after informing Plaintiff that he had been on

7

vacation and "just hadn't gotten to it."  (Rec. Doc. 32 at 8).

Plaintiff filed a complaint (doc. 1) with this Court on September 13, 2004, alleging that SHS violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C § 2601, et seq.

**DISCUSSION**:

Pursuant to §2613(a) of the FMLA, an employee shall provide, if requested by an employer, a physician's certification of the need for FMLA leave "in a timely manner."  The regulations promulgated under the FMLA provide that an employee shall provide the employer with the requested recertification documents within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), "unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts."  29 C.F.R. §825.308(d).

Plaintiff argues that it was not practicable for her FMLA certification documentation to be timely submitted to SHS, despite her diligent, good faith efforts to do so.  Plaintiff argues that it is disputed as to whether she ever received the July 13, 2003 letter from SHS conditionally approving her continuous FML leave pending receipt of a medical certification within 15 days.  Plaintiff argues that she remembers receiving recertification forms, not forms for continuous FML

leave. Plaintiff states that she provided Dr. Ellis with all the forms she received from SHS, and no "form for continuous leave has ever surfaced." (Rec. Doc. 31 at 12).Further, Plaintiff argues that it was reasonable for her to believe that Dr. Ellis would complete the forms by August 1, 2003 and that she had no reason to doubt that Dr. Ellis would return the forms by that date. Plaintiff argues that she had no control of Dr. Ellis' inaction concerning the completion of the forms.

Defendant argues that Plaintiff is not entitled to FMLA leave because she did not comport with the requirements of the FMLA and the regulations promulgated thereunder. Further, Defendant argues that even if she never received the July 13, 2003 letter, Plaintiff was nonetheless aware of the deadline of August 1, 2003 requiring her to turn in to SHS her medical certification forms to receive non-FML leave. In support of this argument Defendant points out that Plaintiff had received the July 17, 2003 letter from SHS denying her continuous FML-leave because she had not given a medical certification to SHS. Therefore, Defendant argues that it did not terminate Plaintiff in violation of the FMLA because Plaintiff was not entitled to FMLA leave due to her failure to supply SHS with the proper medical certification paperwork.

It is apparent to this court that issues of material fact presently exist in this matter. A genuine issue of material fact exists whether or not it was practicable

under the circumstances for the FLMA documentation to be completed and returned to the employer within the time frame set by the employer. It is also disputed whether Plaintiff employed diligence and good faith in her quest to have the certification paperwork completed. Plaintiff argues that she did employ those measures, and that Dr. Ellis' vacation during the relevant time period rendered completion of the paperwork within the time frame set by SHS impracticable. In response, Defendant argues that Plaintiff's efforts to have Dr. Ellis submit a recertification for intermittent leave does not justify the more than seven weeks of continuous leave that she actually took, and that Plaintiff's actions regarding Dr. Ellis do not support her contention that she acted diligently and in good faith.

The foregoing demonstrates that it would be improvident for us to enter summary judgment in favor of Defendant, and accordingly we decline to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion (doc. 21) is DENIED.

s/ John E. Jones III  
John E. Jones III  
United States District Judge